# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEJUAN HICKSON,<br><br>     Plaintiff,<br><br>v.<br><br>CITY OF DURANT,<br>THOMAS BILLY,<br>RICKY FORD,<br>MICHAEL GOODLOW, and<br>THOMAS ROBERTSON,<br><br>     Defendant. | Case No. CIV-23-208-RAW-JAR |

## ORDER

Plaintiff brought this action on May 19, 2023, in the District Court of Bryan County, Oklahoma. Defendants filed their Notice of Removal pursuant to 28 U.S.C. § 1441 on June 26, 2023. Plaintiff filed his Amended Complaint on December 1, 2023. Plaintiff alleges that on September 6, 2021, Officer Thomas Billy entered his home, attacked him, and arrested him without probable cause. Plaintiff brings eight claims for violations of his constitutional and common law rights.

Now before the court is the partial motion filed by Officers Thomas Billy, Ricky Ford, Michael Goodlow, and Thomas Roberston pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 30], Plaintiff's response thereto [Docket No. 37], and the Officers' reply [Docket No. 38]. Also before the court is Magistrate Judge Robertson's Report and Recommendation ("R&R) entered on February 6, 2024, recommending that the motion be granted in its entirety [Docket No. 45]. No objection has been filed.

Officer Billy moves for dismissal of the state law claims against him for false arrest, assault and battery, and malicious prosecution. Officers Ford, Goodlow, and Roberston move for dismissal of the only two claims brought against them, the Fourteenth Amendment claim for failure to intervene, and the state law claim for intentional infliction of emotional distress ("IIED"). The Magistrate Judge correctly determined that:

1. The claims for false arrest and for assault and battery are barred by the applicable statute of limitations. 12 OKLA. STAT. § 95(A)(4).

2. The claim for malicious prosecution should be dismissed because the underlying action against the Plaintiff was not terminated in his favor. *Greenberg v. Wolfberg*, 890 P.2d 895, 903-904 (Okla. 1994).

3. The failure to intervene claims against Officers Ford, Goodlow, and Robertson should be dismissed, as they arrived at the scene after the alleged constitutional violations, and thus did not observe or have reason to know about any constitutional violation. *See Beldsoe v. Carreno*, 53 F.4th 589, 616 (10th Cir. 2022).

4. The claims for IIED against Officers Ford, Goodlow, and Robertson should be dismissed because the allegations against them do not rise to the level of outrageousness required for finding IIED under Oklahoma law. *See Zeran v. Diamond Broadcasting, Inc.*, 203 F.3d 714, 720 (10th Cir. 2000) (citing *Eddy v. Brown*, 715 P.2d 74, 76 (Okla. 1986).

The Magistrate also correctly determined that amendment would be futile.

After a *de novo* review of the record in this case and the briefing on the Officers' motion, the R&R [Docket No. 45] is hereby affirmed and adopted as this court's Findings and Order. The Officers' partial motion to dismiss [Docket No. 30] is hereby GRANTED. The claims against Officer Thomas Billy for false arrest, assault and battery, and malicious prosecution are

DISMISSED.  The claims against Officers Ricky Ford, Michael Goodlow, and Thomas Robertson for failure to intervene and intentional infliction of emotional distress are hereby DISMISSED; those being the only claims against them, Officers Ricky Ford, Michael Goodlow, and Thomas Robertson are DISMISSED from this action.

    **IT IS SO ORDERED** this 6th day of June, 2024.

 

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**